**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Chagolla, et al., | No. CV-20-00079-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Bryan Cluff, et al., | |
| Defendants. | |

Robert and Jackie Chagolla (collectively "Plaintiffs") initiated their litigation against the defendants by filing a complaint in this judicial district on January 14, 2019. That case was assigned to the Honorable Steven P. Logan and designated as 19-cv-00243-SPL. Plaintiffs' complaint failed to plead facts and legal claims as required by Rule 8 of the Federal Rules of Civil Procedure. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). After providing Plaintiffs with a chance to amend their complaint, Judge Logan dismissed the action without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.

This case began on January 13, 2020 when Plaintiffs filed a new complaint. (Doc. 1.) The matter was assigned to this district judge. Defendants now move for a more definite statement. *See* Fed. R. Civ. P. 12(e). They argue that this iteration of Plaintiff's complaint – the third version – still does not clearly state, "what allegations are being claimed as legal causes of action." (Doc. 12 at 1-2.) Defendants argue, for example, that there is only one straightforward allegation of federal jurisdiction contained within the complaint's 13

pages. That single allegation is that the defendants violated Title VII of the Civil Rights Act of 1964. (Doc. 1 at 4 ¶ 25.)

Comparing the complaint here with the amended complaint that was dismissed, it appears that Plaintiffs have tried to shorten the pleading. The Court, however, agrees with Defendants that the complaint does not clearly state whether Plaintiffs seek relief under any legal theory besides Title VII of the Civil Rights Act of 1964. The Court also agrees with Defendants that certain factual allegations in the complaint do not relate to a violation of Title VII but may support some other claim for relief under federal or state law. For example, the Complaint alleges that "[m]ultiple [c]onstitutional [f]reedoms were deprived due to the intentional falsification of DR: 03381 and the intentional false testimony given on January 18, 2018, leads a trail to the truth." (Doc. 1 at 5 ¶ 4.) Yet there are no other allegations that define the constitutional freedoms that were allegedly impaired. Title VII is a statute and, unlike 42 U.S.C. § 1983, it does not establish a cause of action for the violation of constitutional rights. Judge Logan identified this very allegation as a problem in the order dismissing Plaintiff's previously filed action without prejudice. *See Chagolla v. Cluff*, 19-cv-00243-SPL (Doc. 36 at 2).

In his order, Judge Logan's admonished Plaintiffs that "[t]he Court declines to engage in the cumbersome task of sifting through the pleading to guess what causes of action have been alleged against each individual Defendant and which facts correspond to the elements of those speculated claims." (*Id.*) Plaintiffs were given another chance to plead their claims in a manner that satisfies Rule 8. This complaint does not do so.

**Accordingly,**

**IT IS ORDERED** granting Defendants' Motion for a More Definite Statement. (Doc. 12.)

**IT IS FURTHER ORDERED** that, within 21 days of this Order, Plaintiffs may file an amended complaint that endeavors to allege with specificity the basis of this Court's jurisdiction, the claims for relief (i.e., legal theories) that Plaintiffs allege against each defendant, and the facts that support each claim for relief. Plaintiffs must further allege

which Defendants they claim to be liable under each claim for relief, and why.

**IT IS FURTHER ORDERED** that, if Plaintiffs fail to file an amended complaint, the defendants may file a Rule 12(b)(6) motion to dismiss or otherwise answer the complaint. If an amended complaint is not filed and a motion to dismiss is granted, the Court may decline to grant leave to amend, as Plaintiffs, by failing to file an amended pleading, will have waived the opportunity to correct the pleading deficiencies.

**IT IS FURTHER ORDERED** denying the Motion for Award of Costs and Request to Stay Proceedings (Doc. 13) as moot.

**IT IS FINALLY ORDERED** that the Clerk of Court shall not close the case at this time.

Dated this 5th day of August, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge