**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Chagolla, et al., | No. CV-20-00079-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Bryan Cluff, et al., | |
| Defendants. | |

Before the Court is Defendant Clarisse McCormick's Motion to Transfer Pursuant to 28 U.S.C. § 1404 (the "Motion") (Doc. 24). Defendant argues that a case filed with a different District Judge by Plaintiffs Robert and Jackie Chagolla should be transferred in light of their similar claims and nearly identical facts. (*Id.* at 2–3.) Plaintiffs did not respond to this Motion. The Motion is granted without prejudice to the defendants later moving to consolidate these two cases under LRCiv 42.1 and Rule 42(a) of the Federal Rules of Civil Procedure.

**I.   BACKGROUND**

Plaintiffs filed the present case on January 13, 2020 (the "*Cluff*" case). (Doc. 1.) Defendants in the *Cluff* case then moved for a more definite statement, including that Plaintiffs had made numerous allegations against Ms. McCormick but had failed to name her as a defendant. (Doc. 12.) Before the Court ruled on this motion,[*] Plaintiffs filed a substantially identical case against Ms. McCormick on June 11, 2020 (the "*McCormick*"

---

[*] This Court granted Defendants' motion for a more definite statement and allowed Plaintiffs to file an amended complaint. (Doc. 20.)

1 case). The *Cluff* case is currently pending before the undersigned District Judge; the *McCormick* case is presently pending before the Honorable Susan Brnovich as Case No. CV-20-01162-PHX-SMB.

Both cases allege that Plaintiff Robert Chagolla was wrongfully terminated as a Maricopa County Deputy Sheriff almost 20 years ago. (*Cluff* Doc. 21 ¶¶ 1–3; *McCormick* Doc. 1 ¶ 5.) The Complaints state that the defendants in each case are guilty of constitutional violations, including tampering with evidence and falsifying evidence. (*Cluff* Doc. 21 ¶¶ 19–31; *McCormick* Doc. 1 ¶¶ 2–3.) Plaintiffs also allege "systemic racism" and other racially-motivated claims against each defendant. (*Cluff* Doc. 21 ¶¶ 32–41; *McCormick* Doc. 1 ¶ 37.) In both cases, the underlying facts are almost identically the same and involve the same parties in each suit. (*Cluff* Doc. 21; *McCormick* Doc. 1.) Defendants have filed a motion to dismiss for failure to state a claim in both cases. (*Cluff* Doc. 22; *McCormick* Doc. 10.)

On September 21, 2020, Defendant McCormick filed a motion to transfer in both the *Cluff* and *McCormick* cases. (*Cluff* Doc. 24; *McCormick* Doc. 9.) Defendant moves to transfer the *McCormick* case to "Judge Liburdi's division" because the two cases arise out of the same event, allege identical claims and nearly identical facts, and the transfer will "limit the risk of inconsistent rulings and allow for possible consolidation of trial, if applicable, before one judge who is already familiar with the operative facts." (*Cluff* Doc. 24.) "Defendant McCormick requests that this matter be transferred to Judge Liburdi's division." (*Id.*) Plaintiffs have also filed a "Notice of Claim Regarding this Same Matter." (*Cluff* Doc. 26.) This Notice requests that this Court does not dismiss the case at this time. (*Id.*) The Notice also mentions that Ms. McCormick has not been served in this action and requests "additional time to serve Clarisse McCormick in this matter in the hope of reaching a settlement with all parties." (*Id.*) This Court notes that service was executed on Ms. McCormick in September 2020. (*McCormick* Doc. 7.)

## II.     LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any

other district or division where it might have been brought or to any district or division to which all parties have consented." Section (a) does not apply because Defendant McCormick is not seeking to transfer a civil action to *another* district or division. Section 1404(b) provides: "Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." Section (b) will therefore guide our analysis.

### III. ANALYSIS

The Court finds that transfer is appropriate. Having reviewed both Complaints, the Court finds that they are substantially identical. The two cases arise from the same alleged incident and involve almost identical questions of law. Transfer will have the effect of conserving time and effort and will avoid causing the parties to incur unnecessary expenses in trying two separate lawsuits. It will also remove the need for duplication of labor that would otherwise result from having separate judges hear the cases. Lastly, transfer will avoid the potential of inconsistent outcomes and be in the interests of justice. In light of the foregoing, the Court will grant Defendant's Motion.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED granting** the Motion to Transfer Pursuant to 28 U.S.C. § 1404 (Doc. 24) without prejudice to the defendants later seeking to consolidate these two cases under LRCiv 42.1 and Fed. R. Civ. P. 42(a).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall transfer CV-20-01162-PHX-SMB to this Court. All future filings shall bear the case number CV-20-01162-PHX-MTL. The two motions to dismiss remain pending (*Cluff* Doc. 22; *McCormick* Doc. 10).

Dated this 19th day of March, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge